491 P.2d 1137

STATE COMPENSATION FUND, and Hau-
mont Contracting, Inc., Petitioners,

v.

Charles KIRKPATRICK, Respond-
ent Employee,

The Industrial Commission of Arizona,
Respondent.

STATE COMPENSATION FUND and Con-
crete Materials Corporation, Petitioners,

v.

Charles KIRKPATRICK, Respond-
ent Employee,

The Industrial Commission of Arizona,
Respondent.

Nos. 1 CA–IC 584, 1 CA–IC 585.

Court of Appeals of Arizona,
Division 1,
Department A.

Dec. 30, 1971.

Rehearing Denied Jan. 28, 1972.

Review Denied Feb. 29, 1972.

Robert K. Park, Chief Counsel, State
Compensation Fund, by Ronald M. Meitz,
Phoenix, for petitioners.

Preston, Flournoy & Flick, by William
R. Preston, Flagstaff, for respondent Kirk-
patrick.

William C. Wahl, Jr., Chief Counsel, The
Industrial Comm. of Ariz., Phoenix, for
respondent.

STEVENS, Presiding Judge.

There are two separate writs of certi-
orari before this Court and they were
consolidated in this Court.

Charles Kirkpatrick sustained two indus-
trial injuries. The first was sustained in
1965. It was assigned Commission claim
number BC 40827 and is before this Court
as 1 CA–IC 585. This claim was reopened
by the Commission on 10 January 1969. In
view of the fact that the petition to reopen
was filed in 1968 the reopening was proc-
essed under the law as it existed prior to 1
January 1969. Prior to the time that the
procedures in relation to the reopening were
concluded, Kirkpatrick sustained a second
industrial injury which occurred on 8 July
1969. The second injury was assigned
claim number 9/4–72–45 and is before this
Court as 1 CA–IC 584.

The two claims were the subject of a con-
solidated hearing. The person conducting
the hearing functioned in a dual capacity.
He functioned as a referee relative to the
first injury and as a hearing officer relative
to the second injury. By separate docu-
ments he rendered his report as to the first
injury and his award as to the second in-
jury. Both were brought before the Com-
mission and on 25 September 1970, by sepa-
rate action in relation to each claim, the
Commission entered its final determina-
tions. These were brought to this Court
by separate writs of certiorari and were

consolidated in this Court for briefing and for decision.

In substance it was determined that Kirkpatrick was entitled to accident benefits and some compensation arising out of the reopening of the claim for the first injury and that his condition had become stationary as to the first injury. As to the second injury, it was held that the 1969 industrial episode aggravated his preexisting condition resulting in a permanent partial unscheduled disability resulting in a 37.61% loss of earning capacity.

From our review of the medical evidence we hold that the decision as to these matters was one which lay with the Commission. We see no useful purpose in an extended discussion of the medical evidence. The awards are supported by the record.

Both awards are affirmed.

CASE and DONOFRIO, JJ., concur.